## CRANE et al. v. SCHLOSS et al.

*(City Court of New York, General Term.   February 18, 1891.)*

SALE ON APPROVAL—ACTION FOR PRICE.

In an action for the value of certain gas fixtures, and for inserting the same in defendants' store, the evidence showed that the fixtures were put in at plaintiffs' request, on trial, and the only question in dispute was whether the defendants were satisfied with the result of the trial.   Defendants testified, and were not contradicted, that they could not use the fixtures on account of the great heat caused by the lights.   *Held,* that a verdict in their favor would not be disturbed.

Appeal from special term.

The complaint alleges the sale to defendants of gas fixtures and other merchandise, and also that plaintiffs rendered work, labor, and services to the defendants, in erecting and inserting the said fixtures, etc., in the defendants' store, at No. 653 Broadway, for which the defendants promised to pay the sum of $197.68, and that defendants have not paid the same.   The answer alleges that the said gas fixtures, etc., were put in at the request of the plaintiffs; that they were to be put in on approval, without charge to the defendants, unless they elected to keep them; and that, if defendants did not conclude to retain them, the said fixtures and lights were to be removed by the plaintiffs without any charge or expense to the defendants; and that the defendants were not to be liable either for the placing or removal of said lights, or the materials used, or for any other thing done in relation to the said lights; that, upon the express understanding and stipulation aforesaid, the defendants gave leave to plaintiffs to put in the said fixtures, etc.; that, after said fixtures were put in and tried, defendants found that it was impossible for them to retain the fixtures and lights, owing to the great amount of heat produced, and that they were of no use or value to them; that the defendants informed plaintiffs that they elected not to retain the fixtures, lights, etc., and requested plaintiffs to remove same.   Evidence was introduced on the part of the plaintiffs and defendants upon the issues raised by the pleadings, and the case submitted by the court to the jury, who rendered their verdict in favor of the defendants.   Plaintiffs appealed from the judgment entered upon said verdict, and from the order overruling and denying plaintiffs' motion for a new trial, and ask that the judgment be reversed, and a new trial granted, on the grounds of errors committed by the trial justice in his charge to the jury; that the charge was not supported by the evidence; and that the verdict was against the law and evidence.   No exceptions were taken upon the trial by the plaintiffs' counsel, excepting those taken to the charge.

Argued before EHRLICH, C. J., and MCGOWN, J.

*Howard R. Bayne,* for appellants.   *Simon Wolf,* for respondents.

MCGOWN, J.   The evidence shows that the fixtures, carbon lights, etc., were put in defendants' store by plaintiffs, who were interested in the albocarbon light, and in gas fixtures generally, and that they were put in at plaintiffs' request, on trial, with the consent of the defendants.   There was no question raised on the trial as to the value of the fixtures, lights, etc., as

proven by plaintiffs; and the only question in dispute, and upon which the jury were required to pass, was whether the defendants were satisfied with the result of the trial. Defendants testified, which was not contradicted, that they could not use the same on account of the great heat caused by the lights. This question was, we think, fully and fairly presented to the jury by the trial justice in his charge, and, if any errors were committed by the trial justice at the commencement of his charge, such errors were corrected by the trial justice in his subsequent charge. We do not find sufficient errors, if any were committed, to require a reversal of the judgment. Judgment must therefore be affirmed, with costs.